**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL J. KATZ, M.D. and MICHAEL J. KATZ, M.D., P.C., <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and its relevant servants, agents or employees and relevant associated, affiliated or subsidiary corporations and EXAM WORKS, INC., and its relevant servants, agents or employees, and relevant associated, affiliated or subsidiary corporations. <br><br> Defendants. | Case No. 2:16-cv-04389 (ADS) (SIL) <br><br> Oral Argument Requested |

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER AND REARGUE**

Brett Ingerman*
brett.ingerman@dlapiper.com
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
T: (410) 580-4177
F: (410) 580-3177

Colleen Carey Gulliver
colleen.gulliver@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY  10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

*Attorneys for Defendant Travelers Property
Casualty Company of America*

*Licensed to practice in New York

**TABLE OF CONTENTS**

**Page**

STATEMENT OF ALLEGED FACTS.................................................................................

PROCEDURAL HISTORY................................................................................................

ARGUMENT......................................................................................................................

      I.      THE APPLICABLE LEGAL STANDARDS .........................................................

            A.      MOTIONS TO REARGUE .......................................................................

            B.      MOTIONS TO REPLEAD .......................................................................

      II.     PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT SEEKS MERELY TO RELITIGATE THE SAME ISSUES THE COURT ALREADY DECIDED ..................................................................................

      III.    PLAINTIFF'S MOTION TO REPLEAD SHOULD BE DENIED BECAUSE IT IS FUTILE AND IN BAD FAITH .................................................

CONCLUSION...................................................................................................................

EAST\141362519.2

Defendant Travelers Property Casualty Company of America ("Travelers") submits this reply to Michael J. Katz's and Michael J. Katz, M.D., P.C.'s (collectively, the "Plaintiff") motion to reconsider and reargue ("Motion").

## STATEMENT OF ALLEGED FACTS

Travelers incorporates by reference the Statement of Alleged Facts set forth in its motion to dismiss Plaintiff's complaint.

## PROCEDURAL HISTORY

Travelers adopts the Procedural History Section set forth in Plaintiff's Motion at 1.

## ARGUMENT

Not only is Plaintiff's Motion entirely without merit, it is a flagrant abuse of Rules 59(e) and 60(b). "A motion for reargument is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F. Supp. 198, 202 (S.D.N.Y. 1996). That is precisely what Plaintiff's Motion is, and it should be summarily dismissed.

## I.     THE APPLICABLE LEGAL STANDARDS.

### A.     Motions to Reargue.

Rule 59(e) permits a party to move to alter or amend a judgment. However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.) (citing, *inter alia*, *Range Rd. Music, Inc. v. Music Sales Corp.,* 90 F. Supp. 2d 390, 391 (S.D.N.Y. 2000)). Indeed, a court may grant such a motion only upon a clear showing of one of the following four unusual grounds:

1. To correct manifest errors of law or fact upon which the judgment was based.
2. To present newly discovered or previously unavailable evidence.
3. To prevent manifest injustice, such as serious misconduct of counsel.
4. To comply with an intervening change in controlling law.

Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.) (citing, *inter alia*, *Long v. Carberry*, 151 F.R.D. 240, 245 (S.D.N.Y. 1993)).  Likewise, Rule 60(b) allows a court to grant relief "from a final judgment, order or proceeding" on similarly limited grounds.

**B.      Motions to Replead.**

In *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007) (internal citations omitted) (emphasis added), the Second Circuit explained:

> Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," it is within the sound discretion of the district court to grant or deny leave to amend…*A district court has discretion to deny leave for good reason, including futility, bad faith,* undue delay, or undue prejudice to the opposing party.

**II.      PLAINTIFF'S MOTION TO REARGUE SHOULD BE DENIED BECAUSE IT SEEKS MERELY TO RELITIGATE THE SAME ISSUES THE COURT ALREADY DECIDED.**

In his Motion, Plaintiff identifies no manifest errors of law or fact, no newly discovered or previously unavailable evidence, no manifest injustice, and no intervening change in controlling law.  Rather, the Motion merely rehashes the same arguments that the Court already considered and properly rejected in its March 10, 2017 Memorandum of Decision (the "Decision").  In short, it is precisely the kind of Motion that federal courts throughout the United States have uniformly held to be improper under the Federal Rules.  *See* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2810.1 n. 21-25 (3d ed.) (collecting authorities).  For this reason alone, the Motion should be denied.  *Cf. Range Rd. Music, Inc.*, 90 F. Supp. 2d at 392 ("The Court did not 'overlook' plaintiffs' arguments…That plaintiffs are unhappy with the Court's

decision…affords no basis to support a motion for reconsideration.")   Nonetheless, Travelers

will briefly address how each of Plaintiff's arguments are without merit.

Applying *Lader v. Delgado*, 941 F. Supp. 2d 267 (E.D.N.Y. 2013) and several other

authorities, the Court correctly decided that Plaintiff's tortious interference claims are time-

barred as disguised defamation claims because the gravamen of his alleged injury is reputational.

Decision at 11-14.   In a desperate attempt to retreat from his original allegations, Plaintiff now

proffers a number of astonishing admissions, namely, that:

- "Nothing in the complaint attributable to the defendants consists of defamatory slanderous or libelous statements.  All of the negative statements about Dr. Katz are attributable to Justice Hart." Motion at 2.

- "There are no allegations that the defendants uttered any defamatory remarks against Dr. Katz and, accordingly, the law pertaining to defamation does not apply." Motion at 4.

- "In no event, however, are there any defamatory remarks and statements attributable to the defendants.  There is no defamation claim against the defendants."  Motion at 4.

These statements are belied by Plaintiff's complaint, however, which includes the accusation that

Travelers "spread false and malicious lies" about him, made "vile, venomous and vicious false

allegations", and "willfully, deliberately and maliciously extensively transmitted and

disseminated throughout the entire negligence defense industry, the vile, reckless and

irresponsible allegations and accusations made by Justice Hart."  (Dkt. No. 1, Ex. A, at ¶¶ 30,

146, 155.)

This is classic defamation under New York law.  *See* Decision at 11-12 (citing

authorities).   Moreover, Plaintiff doubled down on these allegations in his opposition to

Traveler's motion to dismiss by arguing that defamation constituted a "predicate wrongful act"

supporting Plaintiff's tortious interference claims (Dkt. No. 19, at 11), and he continues to repeat

the same baseless and conclusory allegations in his proposed amended complaint, which is virtually identical to his original complaint. (Dkt. No. 25, Ex. B.) Furthermore, Plaintiff's argument that Travelers' alleged statements would not constitute defamation because Travelers merely repeated Justice Hart's remarks makes no sense. It is black letter law that republication (*i.e.*, repeating defamatory remarks originating from a different source) is not a defense to defamation. *See*, *e.g.*, *Thomas H. v. Paul B.*, 18 N.Y.3d 580, 586, 965 N.E.2d 939, 943–44 (2012) (internal quotations omitted) (holding that "the fact that a particular accusation originated with a different source does not automatically furnish a license for others to repeat or publish it without regard to its accuracy or defamatory character").

Plaintiff's new theory that Travelers tortiously interfered with his contracts with "All State Insurance Company and State Farm Insurance Company," albeit not by means of defamation, is unavailing. For if the Court accepts Plaintiff's concession that Travelers did not defame him, then this establishes as a matter of law that Plaintiff has alleged no improper conduct at all. Other than the threadbare and conclusory allegations of defamation (which remain in his proposed amended complaint, even though Plaintiff pretends to abandon them), the only other conduct which Plaintiff actually alleges is that Travelers placed his name on a "DO NOT USE" list. As a matter of New York law, however, that cannot constitute improper conduct.

Improper conduct is an indispensably requisite element of any tortious interference claim. *See White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 835 N.Y.S.2d 530, 532 (2007) (tortious interference with existing contract requires "improper" conduct); *Uni–World Capital, L.P. v. Preferred Fragrance, Inc.*, 43 F.Supp.3d 236, 250 (S.D.N.Y.2014) (tortious interference

with prospective contract requires acting "for a wrongful purpose or us[ing] dishonest, unfair, or improper means"). As a matter of law, this Court correctly decided that placing a party's name on a "DO NOT USE" list, even if true, would not constitute improper conduct. *See* Decision at 14; *see also Turner Construction Co. v. Seaboard Surety Co.*, 98 A.D.2d 88, 469 N.Y.S.2d 725, 727 (1983) ("It is the well settled law of this State that the refusal to maintain trade relations with any individual is an inherent right which every person may exercise lawfully, for reasons he deems sufficient or for no reasons whatever, and it is immaterial whether such refusal is based upon reason or is the result of mere caprice, prejudice or malice."); *Posa, Inc. v. Miller Brewing Co.*, 642 F. Supp. 1198, 1205 (E.D.N.Y. 1986) (discussing the "well established" privilege and right under New York law to "freely select those with whom one will do business.").

On this dispositive issue, not only does Plaintiff fail to address any of the pertinent authorities cited in Travelers' motion to dismiss papers; he also fails to cite any authority of his own. Instead, he merely asserts that the words "DO NOT USE" were "deadly." Motion at 6. This is not just a bad argument—it is no argument at all. Yet this style of argumentation characterizes Plaintiff's entire Motion, which is replete with conclusory assertions that contradict the authorities cited in the Court's Decision. *Compare* Motion at 3 ("The identity of the parties who cancelled the contract with Dr. Katz is evidentiary in nature and does not belong in a complaint. The remarks that were made are equally unnecessary.") *with* Decision at 14-16 (citing eight cases that stand for the proposition that it is necessary to identify the particular contracts or business relationships at issue); *see also* Motion at 3 (asserting that "scores, if not hundreds of actual appointments" were "booked and finalized," without identifying even one such appointment).

Finally, Travelers incorporates by reference the other arguments raised in its motion to dismiss papers – all of which support the Court's ruling in favor of Travelers. (Dkt. Nos. 15 and 22.) For all of these reasons, the Court should deny Plaintiff's Motion.

## III. PLAINTIFF'S MOTION TO REPLEAD SHOULD BE DENIED BECAUSE IT IS FUTILE AND IN BAD FAITH.

The Court also should deny Plaintiff's request for leave to replead. Although Rule 15(a) generally permits leave to amend "when justice so requires," this Court has the discretion to deny leave to amend when there is good reason. Two good reasons include futility and bad faith. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d at 200–01. (internal citations omitted). Both of those reasons apply here.

First, amending the complaint would be futile. As discussed *supra* and in the Court's Decision at 11-14, Plaintiff's claims are time-barred. "Here, the gravamen of Plaintiff's alleged injury in each of the [] counts is either harm to [his] reputation ***or harm that flows from the alleged effect on Plaintiff's reputation, such as"…loss of contracts and business relationships.*" Decision at 13 (internal citation omitted) (emphasis added). Accordingly, they are subject to a one-year limitations period. Sprinkling the words "All State Insurance Company" and "State Farm Insurance Company" sparingly throughout a few paragraphs in Plaintiff's proposed amended complaint cannot transform the gravamen of his alleged injury from a reputational one to an economic one, when most if not all of the voluminous allegations bearing on his alleged reputational harm remain totally unchanged in his proposed amended complaint. Plaintiff does not claim that the events alleged in his proposed amended complaint transpired within the applicable one-year limitations periods. Because even Plaintiff's "new" claims must be dismissed as time-barred, permitting him to replead would be futile and a waste

of judicial resources.  Repleading also would be futile because, by admitting that Travelers did not commit the predicate wrongful act (defamation) underpinning his original claims, and by failing to include any new allegations of improper conduct in his proposed amended complaint, Plaintiff effectively concedes that Travelers committed no improper conduct at all and that his tortious interference claims fail even if (*arguendo*) they are not time-barred.  *See* Argument § II, *supra*.

Second, Plaintiff is submitting his proposed amended complaint in bad faith.  This Court has taken judicial notice of the *Turkewitz* case, acknowledging that "it stems from the same facts as those alleged here."  Decision at 11.  While the *Turkewitz* case admittedly "did not bear on the Court's decision" on the merits of Travelers' motion to dismiss (*id.*), Travelers respectfully submits that it is relevant to the issue of bad faith.  Plaintiff's claims and allegations against Mr. Turkewitz were virtually identical in substance to those before this Court.  (Dkt. No. 10, at 7-8). Not one, but two different courts have now dismissed Plaintiff's claims as unable to withstand scrutiny under the New York and Federal Rules, respectively.  When this Motion was filed, Plaintiff and his counsel were certainly on notice that there were no grounds to trot out the same arguments and allegations that have failed time and time again.  For Plaintiff to now file, for the third time, a virtually identical complaint making the same baseless and defective allegations, can only be described as bad faith.  Moreover, despite the fact that the Court identified three fatal defects with Plaintiff's prima facie tort claim (Decision at 16-17),  Plaintiff completely neglects to even discuss this claim anywhere in his Motion or attempt to remedy the fatal defects in his proposed amended complaint.  Instead, he simply repeats the same fatally flawed allegations verbatim, without giving a thought to the Court's Decision.  This further illustrates that Plaintiff

is not arguing in good faith, but is instead filing papers to harass Travelers, increase its litigation costs, or extract an undeserved settlement.

Again, Travelers incorporates by reference the other arguments raised in its motion to dismiss papers – all of which support the Court's ruling in favor of Travelers.  (Dkt. Nos. 15 and 22.)  For all of these reasons, the Court should deny Plaintiff leave to amend.

<u>**CONCLUSION**</u>

Travelers need not explain why this Court's Decision was correct; the Court understands its own Decision better than the parties do.  While Plaintiff swings wildly in his Motion, none of his blows land.  He presents no legal or factual grounds for the Court to reconsider its Decision, and certainly no grounds compelling enough to justify the "extraordinary remedy" he seeks. Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.).  Moreover, his proposed amended complaint is futile and is being proffered in bad faith because it is virtually identical to his original complaint and suffers from the same fatal defects that the Court identified in its Decision.  Lastly, Travelers agrees with, adopts, and incorporates by reference the arguments made by Co-Defendant Exam Works, Inc. in its Opposition to Plaintiff's Motion.  (Dkt. No. 26.) Because Plaintiff makes the same baseless and conclusory allegations against both Travelers and Exam Works in equal measure, these arguments also demonstrate that the Court should deny Plaintiff's Motion as to his causes of action against Travelers, which the Court properly denied. For these and all of the foregoing reasons, Travelers respectfully requests that the Court deny Plaintiff's motion to reargue and deny Plaintiff's request for leave to amend.

Dated: April 6, 2017

Respectfully submitted,


/s/ Brett Ingerman
Brett Ingerman
brett.ingerman@dlapiper.com
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
T: (410) 580-4177
F: (410) 580-3177

Colleen Carey Gulliver
colleen.gulliver@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY  10020-1104
Tel:  212.335.4500
Fax:  212.335.4501

*Attorneys for Defendant Travelers Property Casualty Company of America*