UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
MICHAEL J. KATZ, M.D. and MICHAEL J. KATZ, M.D., P.C.,

                   Plaintiffs,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and its relevant servants, agents or employees and relevant associated, affiliated or subsidiary corporations and EXAM WORKS, INC., and its relevant servants, agents or employees, and relevant associated, affiliated or subsidiary corporations.

                   Defendants.

---------------------------------------------------------------------- x

Case No. 2:16-cv-04389 (ADS) (SIL)

## DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Travelers Property Casualty Company of America, by its undersigned counsel and pursuant to Rules 7(a)(2) and 8 of the Federal Rules of Civil Procedure, for its Answer to Plaintiffs Michael J. Katz, M.D.'s and Michael J. Katz, M.D., P.C.'s Complaint [ECF No. 1-1] (the "Complaint"), as amended by the parties' Stipulation [ECF No. 1-2] (the "Stipulation"), states as follows:

1. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Travelers denies the allegations in paragraph 3. In recognition of the fact that Travelers a/k/a Travelers Insurance Company a/k/a The Travelers Companies, Inc. ("The Travelers Companies"), a holding company, is not the real party in interest to this lawsuit, the

parties have stipulated and agreed that all references to The Travelers Companies in the Complaint be amended to refer instead to Travelers Property Casualty Company of America ("Travelers").  Travelers is not a citizen of New York, but rather is (and has remained since the time of the filing of the Complaint) a citizen of Delaware and Connecticut because it is incorporated under the laws of Delaware and has a principal place of business located at One Tower Square, Hartford, Connecticut 06183 [ECF No. 1].

4. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Travelers denies the allegations in paragraph 5.

6. Travelers admits the allegations in paragraph 6.

7. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8-186. The allegations in paragraphs 8-186 relate solely to Plaintiffs' causes of action for tortious interference with contract, tortious interference with business advantage, and/or prima facie tort, which the Court dismissed prejudice by its Memorandum of Decision & Order dated March 10, 2017 [ECF No. 23], which became final when Plaintiffs withdrew their motion for reconsideration on April 27, 2017 [ECF No. 30].  Travelers need not answer these allegations because they are impertinent to the Plaintiffs' sole surviving claim for breach of contract.  To the extent that any such allegations are pertinent to the breach of contract claim, Travelers denies those allegations.

## AS AND [sic] FOR A THIRD [sic] CAUSE OF ACTION AGAINST TRAVELERS A/K/A TRAVELERS INSURANCE COMPANY A/K/A TRAVELERS COMPANIES, INC.
### (Breach of Contract)

187. Travelers admits that it engaged the Plaintiffs for expert testimony provided on April 12, 2013.  Travelers denies the remaining allegations in paragraph 187.

-3-

188.    Travelers admits that a total of $8,850 in fees were generated in connection with the Plaintiffs' testimony on April 12, 2013.  Travelers paid those fees in full on or before May 6, 2013.  Travelers denies the remaining allegations in paragraph 188.

189.    Travelers denies the allegations in paragraph 189.

## AFFIRMATIVE DEFENSES

Travelers, by its undersigned counsel, without admitting the sufficiency of Plaintiffs' allegations, and without assuming any burden not placed on it by applicable law, for its Affirmative Defenses to the Complaint, states as follows:

### First Affirmative Defense

The breach of contract claim set forth in the Complaint is barred in whole because Travelers fully performed its obligations under the contract for expert services by paying Plaintiffs $8,850 on or before May 6, 2013 (the "Contract").

### Second Affirmative Defense

To the extent Plaintiffs allege the existence of any contract other than the Contract, the parties never formed any such contract, whether express or implied.

Travelers asserts the foregoing Affirmative Defenses without the benefit of discovery from Plaintiffs. Travelers therefore reserves the right to supplement its Affirmative Defenses to the extent any additional defenses become available or apparent during the course of discovery.

WHEREFORE, Travelers requests that the Court enter judgment in its favor and against Plaintiffs.

Dated: May 11, 2017

        Respectfully submitted,

        /s/ Brett Ingerman
        Brett Ingerman
        brett.ingerman@dlapiper.com
        DLA Piper LLP (US)
        6225 Smith Avenue
        Baltimore, Maryland 21209
        T: (410) 580-4177
        F: (410) 580-3177

>DLA Piper LLP (US)
>1251 Avenue of the Americas, 27th Floor
>New York, NY  10020-1104
>Tel:  212.335.4500
>Fax:  212.335.4501
>
>*Attorneys for Defendant Travelers Property Casualty Company of America*