UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

MICHAEL J. KATZ, M.D. and MICHAEL J. KATZ, M.D., P.C.,

        Plaintiffs,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and its relevant servants, agents or employees and relevant associated, affiliated or subsidiary corporations and EXAM WORKS, INC., and its relevant servants, agents or employees, and relevant associated, affiliated or subsidiary corporations.

        Defendants.

Case No. 2:16-cv-04389 (ADS)(SIL)

JOINT DISCOVERY PLAN

---------------------------------------------------------------------- x

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiffs Michael J. Katz, M.D. and Michael J. Katz, M.D., P.C. (collectively, "Plaintiff") and Defendant Travelers Property Casualty Company of America ("Defendant"), hereby submit the following Joint Discovery Plan:

**A.    Initial Disclosures**

The Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) on or before June 2, 2017.

**B.    Subjects on Which Discovery May Be Needed**

Discovery may be needed concerning the matters alleged in the Verified Complaint and Answer related to Plaintiff's third cause of action against Travelers (breach of contract).

**C.    Issues Regarding Disclosures of Electronically Stored Information**

All electronic documents should be produced in PDF format. The Parties do not anticipate any issues relating to the disclosure or discovery of electronically stored information.

### D. Issues Regarding Claims of Privilege and Trial Preparation Materials

The Parties agree that all documents withheld from production in response to a discovery request on the basis that they are privileged or subject to protection as trial-preparation material shall be listed on a privilege log which shall be produced to opposing counsel at the time of the response to the request, or within a reasonable time thereafter. Pursuant to Rule 26(b)(5), this log must contain sufficient information to enable opposing counsel to assess the claim of privilege.

The Parties agree that, if information subject to a claim of attorney-client privilege, attorney work product, or any other privilege or immunity or ground on which production of that information should not be made to any party is inadvertently produced to another party, that production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other privilege or immunity or ground for withholding production to which the producing party would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of the receiving party, the receiving party must promptly return to the claiming party or person, or, at the direction of the producing party, destroy that material as to which the claim of inadvertent production has been made and all copies thereof. The receiving party may not use the information for any purpose, except that the receiving party may move the Court for an order compelling production of the material, but any such motion shall not include the inadvertently produced material as an exhibit to the motion nor shall the motion assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

### E. Discovery Limitations

The Parties will abide by the limitations of the Federal Rules of Civil Procedure and the

Local Rules of this Court with respect to depositions, interrogatories and/or requests for admission, but reserve the right to seek to modify these limitations pursuant to Federal Rule 26(b)(2)(A) after meeting and conferring in good faith. The Parties agree that service of written discovery requests may be made by e-mail to the Parties' counsel of record, and this will have the equivalent effect of service by regular mail.

F.  **Confidentiality Agreement and Protective Order**

The Parties will negotiate in good faith with respect to an appropriate confidentiality agreement and protective order.

G.  **Timing of Discovery**

The Parties propose the following discovery schedule:

1. Joinder of additional parties must be accomplished by July 15, 2017;

2. Amended pleadings may be filed without leave of the Court until July 15, 2017.

3. Initial requests for the production of documents and interrogatories shall be served on or before July 15, 2017.

4. Fact discovery shall be completed by November 15, 2017.

5. The Parties shall disclose the identity and reports of any affirmative experts they may use by December 31, 2017.

6. The Parties shall disclose the identity and reports of any rebuttal experts they may use by January 31, 2018.

7. Expert discovery shall be completed by February 28, 2018.

8. Dispositive motions shall be filed by March 31, 2018.

| | |
|---|---|
| By: __/s_____<br>Gerald Zisholtz<br>Stuart S. Zisholtz<br>Meng Michelle Cheng<br>Office & P.O. Address<br>170 Old Country Road, Suite 300<br>Mineola, New York 11501<br><br>*Attorneys for Plaintiffs*<br><br>Dated: May 30, 2017 | By: __/s_____<br>Brett Ingerman<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, NY 10020<br><br><br><br>*Attorneys for Defendant*<br><br>Dated: May 30, 2017 |