FILED
CLERK
2:38 pm, Sep 20, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL J. KATZ, M.D., MICHAEL J. KATZ, M.D., P.C.,

                Plaintiffs,

        -against-

TRAVELERS *its relevant servants, agents or employees and relevant associated, affiliated or subsidiary corporations a/k/a* Travelers Insurance Company *a/k/a* The Travelers Companies, Inc.,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
16-cv-4389 (ADS) (SIL)

**APPEARANCES:**

**Zisholtz & Zisholtz, LLP**
*Attorneys for the Plaintiffs*
170 Old Country Road
Suite 300
Mineola, NY 11501
    By:    Gerald Zisholtz, Esq.,
             Stuart S. Zisholtz, Esq.,
             Meng Cheng, Esq., Of Counsel

**DLA Piper LLP**
*Attorneys for the Defendant Travelers*
1251 Avenue of The Americas
27th Floor
New York, NY 10020
    By:    Brett Ingerman, Esq.,
             Colleen Michelle Gulliver, Esq., Of Counsel

**White & Williams LLP**
*Attorneys for the Previously Dismissed Defendant Exam Works, Inc.*
7 Times Square
Suite 2900
New York, NY 10036
    By:    Andrew I. Hamelsky, Esq.,
             Jenifer Ann Scarcella, Esq., Of Counsel

**SPATT, District Judge**:

This diversity action was originally brought by the Plaintiffs Michael J. Katz, M.D. and Michael J. Katz, M.D., P.C. (the "Plaintiffs" or "Dr. Katz") against the Defendant Travelers ("Travelers") as well as Exam Works, Inc. ("Exam Works"), which was previously a Defendant in this action (collectively, the "Defendants"), in New York State Supreme Court, Nassau County, alleging various contract and tort claims under New York State common law. Travelers removed the case to the United States District Court for the Eastern District of New York (the "EDNY") based on the diversity jurisdiction of the Court pursuant to 28 U.S.C. § 1332(a)(1).

Upon a motion by the Defendants to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 12(b)(6), on March 10, 2017, the Court dismissed Exam Works from the action, and dismissed all of the Plaintiffs' claims against Travelers except for their breach of contract claim.

Presently before the Court is a motion by the Plaintiffs for reconsideration pursuant to Rules 59(e), 60(b) and Local Civil Rule 6.3, asking the Court to reconsider its dismissal of the Plaintiffs' tortious interference claims against the Defendants. In the alternative, the Plaintiffs ask that this Court grant leave to amend their complaint pursuant to Rule 15.

For the following reasons, the Plaintiffs' motion is denied in its entirety.

## I. DISCUSSION

### A. The Relevant Legal Standard

Local Civil Rule 6.3 provides that:

> Unless otherwise provided by the Court or by statute or rule (such as FED. R. CIV. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth

> concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

*Id.* "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." Wilder v. News Corp., 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal quotation marks omitted) (quoting *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012)); *see also Shrader*, 70 F.3d at 257 (using an abuse of discretion standard to judge a district court's decision on a motion for reconsideration).

"[A] party may not advance new facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." *Steinberg v. Elkman*, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (internal quotation marks omitted) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)). Nevertheless, reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (internal quotation marks omitted) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order)); *accord Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

**B. Application to the Facts**

The Plaintiffs' arguments center on whether the Court was correct in holding that their tortious interference claims are truly claims for defamation otherwise disguised.

First, the Court need not reengage in such an analysis, because the Court did not solely rely on its holding that the Plaintiffs' tortious interference claims were actually claims for defamation. Indeed, the Court held that the Plaintiffs failed to identify specific business entities with which the Plaintiffs had business relationships; failed to allege that the Defendants acted for a wrongful purpose or used dishonest, unfair, or improper means; and failed to allege that the Defendants intentionally procured a breach.

However, since the Plaintiffs alternatively ask this Court to grant them leave to amend their complaint to cure these deficiencies, the Court shall explain why the Plaintiffs' motion for reconsideration must fail.

The Plaintiffs do not point to any intervening controlling law, nor do they put forward *controlling* case law that the Court overlooked. In its decision, the Court cited to Second Circuit case law that explicitly stated that "New York law considers claims sounding in tort to be defamation claims where those causes of action seek damages only for injury to reputation, or where the entire injury complained of by plaintiff *flows from the effect on his reputation*." *Hengjun Chao v. Mount Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012) (internal citations and quotation marks omitted, emphasis added). As the Court previously held, although the Plaintiffs allege economic damages, these economic damages all flowed from the reputational injury to Dr. Katz. For this reason, the Court did not err in relying, in part, on *Lader v. Delgado*, 941 F. Supp. 2d 267 (E.D.N.Y. 2013).

4

Furthermore, while it is true that the original defamatory statements were made by Justice Hart of the New York State Supreme Court, the Plaintiffs commenced this action because the Defendants allegedly repeated and disseminated those defamatory statements. The Plaintiffs' complaint specifically states that "[t]he [D]efendants, jointly and severally, devised a plan and scheme to ruthlessly and aggressively disseminate throughout the negligence defense industry, the false and irresponsible allegations and accusations leveled against Dr. Katz by Justice Hart so that anyone and everyone in the industry knew that Dr. Katz was on the 'Do Not Use List.'" (Compl. ¶ 140).

In this regard, one of the cases cited by the Plaintiffs is instructive. The New York State Appellate Division First Department, when faced with this question, summarized the case law in New York:

> In [*Classic Appraisals Corp. v. DeSantis,* 159 A.D.2d 537, 552 N.Y.S.2d 402 (2d Dep't 1990)], the Court found that the plaintiff's complaint sounded in tortious interference when it alleged that the defendant's conduct had interfered with prospective appraisal contracts. [*Id.* at] 403. In contrast, in *Pasqualini v. MortgageIT, Inc.,* 498 F. Supp. 2d 659 (S.D.N.Y. 2007) when the plaintiff alleged harm to her professional reputation that had an indirect effect on her ability to form business relationships, the court found that the complaint sounded in defamation and applied the associated one-year statute of limitations. *Id.,* at 669–71. The instant case more closely resembles *DeSantis* as the plaintiffs have alleged a specific business relationship—the prospective deal between the Fund and Citadel—that has been harmed. Because the complaint does not rely merely on generalized reputational harm, we find that it sounds in tortious interference. Therefore, the plaintiffs' complaint was timely under the applicable three-year statute of limitations.

*Amaranth LLC v. J.P. Morgan Chase & Co.*, 71 A.D.3d 40, 48, 888 N.Y.S.2d 489, 494–95 (1st Dep't 2009). Here, the Plaintiffs have alleged that the Defendants placed Dr. Katz' name on a "Do Not Use List" and disseminated Justice Hart's defamatory statements. In the Court's view, this is more akin to the situation in *Pasqualini*, because the actions imputed to the Defendants had an

5

indirect effect on the Plaintiffs' ability to form business relationships. That is, the Plaintiffs do not allege that the Defendants directly interfered with the Plaintiffs' relationships and contracts; instead, they allege that the Defendants disseminated Justice Hart's statements and placed Dr. Katz on the Do Not Use list, thus indirectly affecting his relationships and contracts.

Therefore, the Plaintiffs' motion for reconsideration is denied. Furthermore, their motion to amend pursuant to Rule 15 is denied because it is procedurally improper, and because the Plaintiffs' claims for tortious interference are still barred by the Statute of Limitations. *See* N.Y. C.P.L.R. 215-4 (stating that actions to recover damages for libel, slander, false words causing special damages, *inter alia*, shall be commenced within one year). No amendment can change that fact. If the Plaintiffs wish to move to amend their complaint to replead their cause of action for *prima facie* tort, they are granted leave to do so, in the event that it is filed as a formal motion with a memorandum of law explaining why such an amendment is not futile.

### III. CONCLUSION

For the reasons stated above, the Plaintiffs' motion for reconsideration, or in the alternative, for leave to amend the complaint pursuant to Rule 15 is denied in its entirety.

**SO ORDERED:**

Dated: Central Islip, New York

September 20, 2017

_____*/s/ Arthur D. Spatt*_____

ARTHUR D. SPATT

United States District Judge